IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES C. STALLWORTH,
    Petitioner,

vs.                                       Case No. 3:08cv424/LAC/EMT

WALTER A. McNEIL,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Now pending is Respondent's motion to dismiss (Doc. 10) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner filed a response in opposition to the motion to dismiss (Doc. 14).

    This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND

    The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 10 at 1–3, Exhibits; Doc. 14 at 1–3). Following a jury trial in the Circuit Court in and for Escambia County, Florida, Petitioner was found guilty of one count of false imprisonment with a weapon, one count of home invasion robbery, and one count of abuse of an elderly person (Doc. 10, Ex. B). On May 10, 2000, Petitioner was sentenced as a prison release reoffender to a term of thirty (30) years of imprisonment on the robbery count, a term of fifteen (15) years of imprisonment on the false imprisonment count, and a term of five (5) years of imprisonment on the abuse of an elderly person count, all terms to run concurrently and with jail credit of 194 days (Doc. 10, Ex. C). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA") (Doc. 10, Ex. D). On February 20, 2001, the First DCA affirmed the judgment of conviction and sentence per curiam without written opinion, with the mandate issuing

March 8, 2001 (Doc. 10, Ex. E). Stallworth v. State, 781 So. 2d 1088 (Fla. 1st DCA Feb. 20, 2001) (Table). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On October 30, 2001, Petitioner filed a motion to correct illegal sentence under Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. 10, Ex. F). The trial court summarily denied the motion on November 30, 2001 (Doc. 10, Ex. G). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on May 29, 2002, with the mandate issuing June 25, 2002 (Doc. 10, Exs. H, I, J). Stallworth v. State, 819 So. 2d 758 (Fla. 1st DCA May 29, 2002) (Table).

On August 12, 2002, Petitioner filed a second Rule 3.800(a) motion (Doc. 10, Ex. K). The trial court summarily denied the motion on October 12, 2002 (Doc. 10, Ex. L). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on February 20, 2003, with the mandate issuing May 5, 2003 (Doc. 10, Exs. M, N, O). Stallworth v. State, 853 So. 2d 413 (Fla. 1st DCA Feb. 20, 2003) (Table).

On April 4, 2003, Petitioner filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 10, Ex. P). The trial court summarily denied the motion on May 15, 2003 (Doc. 10, Ex. Q). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on August 14, 2003, with the mandate issuing September 9, 2003 (Doc. 10, Exs. R, S, T). Stallworth v. State, 852 So. 2d 910 (Fla. 1st DCA Aug. 14, 2003) (Table).

On November 25, 2003, Petitioner filed a petition under 28 U.S.C. § 2254 with this court (Doc. 10, Ex. U). He filed a motion to voluntarily dismiss the petition on February 22, 2005, and on April 4, 2005, the court granted the motion and dismissed the case (Doc. 10, Exs. V, W, X),

On March 11, 2005, Petitioner filed a third Rule 3.800(a) motion with the trial court (Doc. 10, Ex. Y). The trial court summarily denied the motion on April 11, 2005 (Doc. 10, Ex. Z). Petitioner appealed the decision to the First DCA, and the appellate court affirmed without written opinion on October 18, 2005, with the mandate issuing November 15, 2005. Stallworth v. State, 913 So. 2d 605 (Fla. 1st DCA Oct. 18, 2005) (Table); *see also* http://199.242.69.70/pls/ds/ds_docket_search?pscourt=1 (search Case No. 1D05-2312).

On or about February 22, 2006, Petitioner filed a fourth Rule 3.800(a) motion with the trial court. *See* http://public.escambiaclerk.com/home/index.html (search Case No. 1999 CF 004474) (follow "1999 CF 004474" hyperlink). The trial court denied the motion on September 27, 2006. *Id.* Petitioner appealed the decision to the First DCA, and the appellate court affirmed without written opinion on March 27, 2007, with the mandate issuing April 24, 2007. Stallworth v. State,

953 So. 2d 523 (Fla. 1st DCA Mar. 27, 2007) (Table); *see also* http://199.242.69.70/pls/ds/ds_docket_search?pscourt=1 (search Case No. 1D06-5536).

On or about December 3, 2007, Petitioner filed a second Rule 3.850 motion with the trial court. *See* http://public.escambiaclerk.com/home/index.html (search Case No. 1999 CF 004474) (follow "1999 CF 004474" hyperlink). The trial court denied the motion on December 17, 2007. *Id.* Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on August 21, 2008, with the mandate issuing September 16, 2008. Stallworth v. State, 989 So. 2d 642 (Fla. 1st DCA Aug. 21, 2008) (Table); *see also* http://199.242.69.70/pls/ds/ds_docket_search?pscourt=1 (search Case No. 1D08-829).

Petitioner filed the instant federal habeas action on September 18, 2008 (Doc. 1 at 6).

II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases any claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the date his conviction became final. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for purposes of the AEDPA on May 21, 2001, ninety (90) days after the appellate court issued its decision affirming his conviction. *See* Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006)

(judgment of conviction becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002)). Thus, Petitioner's one-year limitations period began to run on May 21, 2001, and expired one year later on May 21, 2002.

Petitioner may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, Petitioner filed a tolling post-conviction motion on October 30, 2001, after 161 days of the one-year limitations period had expired. That motion remained pending until June 25, 2002, the date of the First DCA's mandate affirming the trial court's decision. See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

Petitioner filed his next tolling motion on August 12, 2002, after an additional 47 days of the one-year federal limitations period had expired. That motion remained pending until May 5, 2003, the date of the First DCA's mandate affirming the trial court's decision. Petitioner filed his next tolling motion on April 4, 2003, while his previous motion was still pending. That motion remained pending until September 9, 2003, the date of the First DCA's mandate affirming the trial court's decision.

Petitioner filed his next post-conviction application on March 11, 2005, after an additional 548 days of the one-year federal limitations period had expired.[1] However, because the 365-day federal limitations had already expired by the time he filed the motion (161 days + 47 days + 548 = 756 days), that motion, as well as Petitioner's subsequent post-conviction applications, did not toll the federal limitations period. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Accordingly, Petitioner's federal petition, filed on September 18, 2008, was untimely.

---

[1] Petitioner's first § 2254 petition filed in this court on November 25, 2003, did not qualify as a tolling motion for purposes of § 2244(d)(2) because the statutory tolling provision explicitly states that the limitations period is tolled during the time in which a properly filed application for State post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d)(2). Petitioner's § 2254 petition was an application for federal, not State, post-conviction relief.

Case No.: 3:08cv424/LAC/EMT

In Petitioner's response to the motion to dismiss, he contends his federal petition should be reviewed because his petition demonstrates that a fundamental defect occurred in the state criminal proceedings, and federal review is required "to correct the manifest injustice perpetrated by the lower courts" (*see* Doc. 1, supporting memorandum; Doc. 14 at 1). The sole claim in Petitioner § 2254 petition is that the trial court lacked jurisdiction to try, convict, or sentence him because the charging information was not supported by sworn statements from material witnesses, as required by Florida law (*see* Doc. 1, attached memorandum). Petitioner states that although the information was accompanied by a sworn statement from the law enforcement officer who investigated the case, the officer was not a material witness to the alleged crime; therefore, the officer's statement did not provide a sufficient basis to support the charge set forth in the information (*see id.*).

Assuming arguendo that a claim of jurisdictional defect avoids the federal procedural bar, Petitioner's claim of a defect in the information is not jurisdictional. "A jurisdictional defect is one that 'strip[s] the court of its power to act and ma[kes] its judgment void.'" McCoy v. United States, 266 F.3d 1245, 1248–50 (11th Cir. 2001) (quoting Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d 407, 412 (11th Cir. 1996)). Because parties cannot by acquiescence or agreement confer jurisdiction on a court, a jurisdictional defect cannot be waived or procedurally defaulted—instead, a judgment tainted by a jurisdictional defect must be reversed. *See* McCoy, 266 F.3d at 1250 (citations omitted).

> Rule 3.140 of the Florida Rules of Criminal Procedure provides, in relevant part:
>
> (g) Signature, Oath, and Certification; Information. An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. . . . No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.
> . . . .
> (o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or **for any cause whatsoever**, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.

*Id.* (emphasis supplied). Florida courts have held that a prosecutor's alleged failure to have received sworn testimony from witnesses before filing the information is waived by a defendant once he has entered a plea to the merits of the charge. *See* Logan v. State, 1 So. 3d 1253 (Fla. 4th DCA 2009); *see also* Sutton v. State, 202 So. 2d 589 (Fla. 1st DCA 1967) (where defendant pleaded guilty to

offense of unlawful sale of marijuana cigarettes and made no motion to quash information, and made no objection in lower court to verification of the information, defendant could not complain on appeal that information was not properly verified); Catanese v. State, 251 So. 2d 572 (Fla. 4th DCA 1971) (if insufficiency of information is such that it does not wholly fail to charge a crime, failure to timely raise the defect by motion to dismiss constitutes waiver of insufficiency).[2] Because the right to be charged by an information supported by a sworn statement of a material witness is a personal right of the defendant that may be waived, Petitioner has failed to demonstrate that the alleged defect in the information deprived the state court of jurisdiction to try, convict, and sentence him. Accordingly, he has failed to overcome the federal procedural bar.

III. CONCLUSION

Based upon the above discussion, the undersigned concludes that Petitioner filed the instant § 2254 petition beyond the one-year statutory limitations period. Furthermore, he has failed to demonstrate that any tolling provisions render his petition timely, or that he is entitled to review under any exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 10) be **GRANTED**.
2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

---

[2]Petitioner's reliance upon the state court cases cited in his supporting memorandum is misplaced. For example, in Weinberg v. State, the state appellate court upheld the trial court's dismissal of the charging information on the ground that the investigating officer was not a material witness to the crime, thus the information could not be based solely on the officer's affidavit; however, the defendant properly presented the issue in pre-trial motion to dismiss the information, not in a post-conviction jurisdictional challenge to the criminal proceedings. 780 So. 2d 214 (Fla. 5th DCA 2001). Four other cases cited by Petitioner, Mix v. State, 827 So. 2d 397 (Fla. 2d DCA 2002), Giles v. Renew, 639 So. 2d 701 (Fla. 2d DCA 1994), Brown v. State, 595 So. 2d 259 (Fla. 2d DCA 1992), and Folsom v. Folsom, 509 So. 2d 1330 (Fla. 2d DCA 1987), involve the legal sufficiency of orders to show cause, filed under Rule 3.840 of the Florida Rules of Criminal Procedure, charging defendants with criminal contempt, not informations filed under Rule 3.140. Finally, Petitioner's reliance upon Brown v. State is misplaced because in that case, the defendant challenged the prosecutor's power and authority to prosecute the crime charged, specifically, the authority of the Office of the Statewide Prosecutor to prosecute a case in which all of the offenses occurred in the same county, which implicated the trial court's jurisdiction to adjudicate the case. 917 So. 2d 272, 273 (Fla. 5th DCA 2005). In the instant case, Petitioner challenges the sufficiency of the probable cause affidavit upon which the information was based, which does not go to the authority of the prosecutor to prosecute the case. Likewise, in Booker v. State, 497 So. 2d 957 (Fla. 1st DCA 1986), the defendant was able to pose a post-conviction challenge to his conviction of misdemeanor offenses on the ground that the state circuit court lacked jurisdiction to adjudicate misdemeanor offenses which had been severed from the felony offense; however, that case also involved the power and authority of the court to adjudicate the case, it did not involve the sufficiency of the charging document.

Case No.: 3:08cv424/LAC/EMT

At Pensacola, Florida, this 21st day of April 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**